**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Francisco RODRIGUEZ–SALAZAR, Defendant—Appellant.**

**No. 04–10073.**

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2005.*

Decided April 29, 2005.

Judson Thomas Mihok Fax, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Charles Kendall, Esq., Patagonia, AZ, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

## MEMORANDUM **

Defendant–Appellant Francisco Rodriguez–Salazar appeals his convictions for importation of, and possession with the intent to distribute, more than five kilograms of cocaine. Rodriguez–Salazar argues that expert testimony was erroneously permitted and that the district court erred in not allowing his prior consistent statements to be introduced into evidence.

We have jurisdiction, and we AFFIRM.

### A

It is well-recognized that under Federal Rule of Evidence 702, the district court has broad discretion in assessing a proffered expert's qualifications. *United States v. Hankey,* 203 F.3d 1160, 1168 (9th Cir.2000). We review a district court's admission of expert testimony for an abuse of discretion. *General Electric Co. v. Joiner,* 522 U.S. 136, 142, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997); *United States v. Morales,* 108 F.3d 1031, 1035 (9th Cir. 1997). Only a clearly erroneous view of either the law or the facts may give rise to an abuse of discretion. *Morales,* 108 F.3d at 1035.

■ The government called Brownell as an expert witness. The witness testified that he worked in the automotive industry in a wide variety of capacities for over thirty years. The expert's testimony was based on his experience with various bonding materials. Any alleged lack of "lack of particularized expertise goes to the weight accorded [to the] testimony, not to the admissibility" of the expert. *United States v. Garcia,* 7 F.3d 885, 890 (9th Cir.1993). We conclude that the district

court did not abuse its discretion in allowing Brownell to testify as an expert.

### B

■ Rodriguez–Salazar argues that the district court erred in denying his request to admit transcripts of jail telephone calls that Rodriguez–Salazar made following his arrest as prior consistent statements under Federal Rule of Evidence 801(d)(1)(B). We review this evidentiary decision of the district court for an abuse of discretion. *Ruvalcaba v. City of Los Angeles,* 64 F.3d 1323, 1328 (9th Cir.1995).

The district court found that the government at trial was attacking what was Rodriguez–Salazar's *consistent* story that he did not have knowledge of the drugs. The district court denied the defense's request to enter the jail calls into evidence, because the government had not leveled a charge of recent fabrication as the rule requires. Fed.R.Evid. 801(d)(1)(B). The district court did not clearly err in rendering these conclusions.

In addition, pursuant to Rule 801(d)(1)(B), we have held that "[a] prior consistent statement is admissible only if it was made *before* the witness had a motive to fabricate." *Breneman v. Kennecott Corp.,* 799 F.2d 470, 473 (9th Cir.1986). Rodriguez–Salazar's statements in the telephone calls were made after he was arrested, when he would have had a motive to fabricate statements in an effort to defeat the criminal charges at issue.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.